By the Court.—Freedman, J.
The action was brought against the defendant Isaac Mayer, on a note made and indorsed by the firm of Hyman & Mayer, of which said defendant was at the time a member. It was conceded on the trial that the plaintiff stands in no better position than Kohn, from whom the plaintiff *183 derived title, would have stood, if Kohn had brought the action as indorser. But the production by the plaintiff on the trial of the note indorsed to him, prima facie" established his title to and interest in the note, and entitled him to a recovery under the decision of this court in Freeman v. Falconer (45 Super. Ct. 383).
The court therefore properly directed a verdict, unless sufficient evidence was given of an affirmative defense to carry the case to the jury.
Upon this point the defendant, Mayer, held the affirmative of the issue, and to prove the diversion of the note by Kohn, he read the testimony of his former co-defendant, Hyman, as that of a witness who had died since the former trial, and the said testimony showed not only a diversion, but also that Hyman had paid Mayer value for the note. The latter fact therefore neutralized the former. Mayer then, offered to testify that Hyman’s testimony as to payment of value was not true, and his testimony offered upon this point was excluded. There was no error in this ruling. • It being conceded that the note had, with Mayer’s assent, been executed, indorsed and delivered by Hyman, the proposed testimony was incompetent under section 829 of the Code of Civil Procedure, which prescribes that a party to an action, or a person interested in the event, shall not be examined, as a witness, in his own behalf or interest, against a person deriving his title or interest from, through, or under a deceased person by assignment or otherwise, concerning a personal transaction or- communication between the witness and the deceased person. Nor did the testimony come within, the saving clause of that section, because Hyman was Mayer’s own witness. The exception made by that clause would have applied only if the plaintiff, upon the said question of value, had been examined in his own behalf, or had read the testimony of Hyman as part of his case.
*184 The defendant having failed in his defense, the judgment should be affirmed, with costs.
Sedgwick, J., concurred.